**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JASON WAYNE PERSONS,<br><br>    Defendant. | No. CR02-4109-DEO<br><br>**REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

_____

This case is before me on a petition to revoke defendant Jason Wayne Persons's supervised release. The petition (Doc. No. 103) was filed January 9, 2014. The Honorable Donald E. O'Brien referred this matter to me for the issuance of a report and recommended disposition (Doc. No. 106).

I held an evidentiary hearing on January 14, 2014. Plaintiff (the Government) was represented by Assistant United States Attorney Shawn Wehde. United States Probation Officer Crystal Hansen was also present. Persons appeared in person and with his attorney, Douglas Roehrich. The Government offered Government Exhibit 1 into evidence, which is a progress report from Jackson Recovery Center dated January 8, 2014. The defendant did not object and the exhibit was received into evidence under seal. Persons did not offer any evidence, but did exercise his right to make a statement to me.

## I.    BACKGROUND

On September 11, 2003, Persons was sentenced to 122 months imprisonment and an eight-year term of supervised release (TSR) based on his plea of guilty to conspiracy

to manufacture and distribute five grams or more of actual methamphetamine after a prior drug offense. *See* Doc. No. 61. Persons commenced his eight-year term of supervised release on March 28, 2011. On September 23, 2011, probation filed a request for modification of conditions with consent from Persons. Doc. No. 78. Persons had been arrested for driving while his license was suspended. He notified his probation officer, pled guilty to the offense and agreed to complete ten hours of community service for the TSR violation. On December 14, 2011, probation filed another request for modification of conditions with consent from Persons. Doc. No. 79. Persons had been involved in a traffic accident and was charged with driving without a license and a citation for failure to yield. He had also not completed the ten hours of community service. Persons agreed to three consecutive weekends in a designated facility for these violations. Probation filed a third request for modification of conditions with consent from Persons on March 27, 2012. Doc. No. 80. Persons had been seen in a bar by a police officer and a recent urinalysis had tested positive for methamphetamine. Persons admitted to being in the bar but not to drinking alcohol. He also admitted to using methamphetamine for about four months. The frequency of his urinalysis was increased and Persons was referred to Jackson Recovery Center for a substance abuse evaluation. Probation also recommended his TSR be modified to include five consecutive weekends in jail. These changes were accepted by the court. Another request to modify conditions was filed on May 14, 2012. Doc. No. 81. Persons had tested positive for methamphetamine again and admitted he had used on April 20, 2012. His TSR was modified to include inpatient treatment followed by placement in a residential reentry center (RRC) for up to 180 days.

Persons successfully completed inpatient drug treatment, stayed at Dismas Charities for 115 days and obtained employment. However, it was not long before Persons began violating the conditions of his TSR again. In October and November 2012, Persons failed to show for a random urinalysis, denied drug use on two occasions (later admitting that the denials were false), tampered with a sweat patch, was observed

to be intoxicated at a bar and had a positive sweat patch result for methamphetamine. Doc. No. 82. The Government's petition to revoke supervision was granted and Persons was ordered to six months incarceration followed by four years of supervised release. Doc. No. 90.

On September 13, 2013, the Government filed another petition to revoke supervision. This petition alleged violations of association with a felon without permission, use of methamphetamine (on two occasions), failure to participate in substance abuse treatment, failure to submit to drug testing (on three occasions), failure to maintain employment and failure to comply with remote alcohol testing. Doc. No. 93. A supplemental petition was filed containing additional violations of use of a controlled substance and failure to participate in substance abuse treatment. Doc. No. 97. The court granted the petition and Persons was ordered to be incarcerated for three months followed by inpatient substance abuse treatment and the remainder of the original term of supervised release (through May 13, 2017). Doc. No. 100.

The current petition includes one violation of failure to participate in substance abuse treatment, a condition imposed as part of the previous revocation order. Doc. No. 103. Persons's supervised release commenced on December 20, 2013, and he began participating in inpatient substance abuse treatment at Synergy Center on December 23, 2013. On January 9, 2014, Hansen received a telephone call from staff at Synergy Center who told her Persons had walked away from the facility on the night of January 8, 2014. Persons had indicated to staff he did not feel like he needed to be there for treatment. During the hearing, he indicated he had also left treatment to spend time with his terminally ill father.

## II.    ANALYSIS

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United*

*States v. Holt*, 664 F.3d 1147, 1149 (8th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(3)). The court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

I find by a preponderance of the evidence that Persons violated the terms and conditions of his supervised release based on his own admission. Having so found, 18 U.S.C. § 3583(e) requires that I consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether Persons's term of supervised release should be terminated, extended, modified, or revoked. Although I am not required to cite each relevant factor in § 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), those factors are set forth below for the convenience of the district court in reviewing this Report and Recommendation:

> The court, in determining the particular sentence to be imposed, shall consider –
>
> > (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2)  the need for the sentence imposed –
> >
> > > (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B)   to afford adequate deterrence to criminal conduct;
> > >
> > > (C)  to protect the public from further crimes of the defendant; and
> > >
> > > (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> >
> > . . . .

(4)    the kinds of sentence and the sentencing range established for –

. . . .

(B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)   any pertinent policy statement –

(A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (as referenced in 18 U.S.C. § 3583(e)).  After considering these factors, I may recommend the termination, extension, revocation or modification of the term of supervised release as set forth in § 3583(e).  Revocation is not mandatory in this case.  *See* 18 U.S.C. § 3583(g).

Probation recommends that Persons's supervised release be revoked and that he be sentenced to 24 months incarceration with no term of supervised release to follow. Persons suggested through his attorney that a modification for outpatient treatment would be more appropriate so that he could spend time with his father.

## A.     *Nature and Circumstances of Offense, and Persons's History and Characteristics*

Persons's original offense was conspiracy to manufacture and distribute five grams or more of actual methamphetamine after a prior drug offense. He had a Criminal History Category of IV at the time of sentencing.

Persons has a significant problem with substance abuse and has repeatedly failed to participate in substance abuse treatment as a special condition of his TSR. He did complete the 500 hour residential drug treatment program while incarcerated and, prior to his revocation on November 15, 2012, he completed outpatient treatment at Jackson Recovery Center and inpatient substance abuse treatment at Synergy Center. Later he tested positive for methamphetamine on three occasions and, before his revocation on September 19, 2013, failed to participate in outpatient substance abuse treatment at Jackson Recovery Center. Following imprisonment, Persons began inpatient substance abuse treatment at Synergy Center on December 23, 2013, in accordance with Judge O'Brien's revocation order of September 19, 2013. He walked away from the facility on January 8, 2014, without completing treatment.

Persons is currently unemployed and lives with his mother in Sioux City. Although Persons stated he would set up outpatient treatment when he left the facility on January 8, he did not present evidence at the hearing that he had done so. Given Persons's history and characteristics, and particularly his repeated decisions to violate the conditions of his TSR, I find that revocation and a term of incarceration is necessary.

*B.*     *Deterrence of Criminal Conduct*

Any modification of supervised release imposed on Persons must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The violation at issue here constitutes the most serious grade of violation and the guideline range of imprisonment for this violation is 6 to 12 months. Persons's TSR has already been revoked twice based on numerous admitted violations. Moreover, this is the second time Persons has failed to comply with this particular condition and he has past violations demonstrating continued drug use and failure to comply with drug testing while on supervised release. I find that incarceration is necessary to deter further criminal conduct by Persons.

*C.*     *Protection of the Public from Further Crimes*

Any modification of Persons's term of supervised release must protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(C). Persons is not accused of committing any crimes while on supervised release. However, I find his continued use of a controlled substance, combined with his failure to comply with drug testing or participate in substance abuse treatment, presents public safety concerns.

*D.*     *Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Probation does not recommend educational or vocational training or medical care at this time. There is no basis in the record to suggest that such a need exists.

*E.*     *Sentencing Considerations*

I am required to consider pertinent policy statements issued by the United States Sentencing Commission in effect at the time of Persons's sentencing. 18 U.S.C. § 3553(a)(5). I find two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three

grades of supervised release violations. Persons's violation is a Grade C violation, which consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." Having so found, the court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation: "Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement). Based on his Criminal History Category of IV, Persons's recommended range of imprisonment pursuant to the Sentencing Guidelines is 6 to 12 months, with a maximum statutory term of imprisonment of five years. *See* U.S.S.G. § 7B1.4 (Policy Statement); 18 U.S.C. § 3583(e)(3). The maximum statutory term of supervised release is life.

### F.    *Sentencing Disparities*

The final consideration is whether my recommended disposition will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The parties offered no evidence on this issue and I have no information to suggest that this is the case.

### G.    *Recommendation*

The Eighth Circuit has

> required that courts consider the policy statements in Chapter 7 [of the Sentencing Guidelines] when sentencing a violator of supervised release and [has] concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory. There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."

*United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (citation omitted) (quoting *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991)). Failure to provide written reasons for sentencing outside the applicable policy statement range for revocation sentences is not reversible error, although written statements of reasons are helpful for the parties, reviewing courts, and the Sentencing Commission. *Id.* at 739; *accord United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992) ("Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from a binding guideline."). "The district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted." *United States v. Carr*, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam); *accord United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003).

I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Persons's TSR be revoked and that Persons be sentenced to 12 months incarceration. I further recommend that upon release, Persons serve a term of TSR, under such conditions as Judge O'Brien deems appropriate, for the remainder of his now-existing TSR (which is scheduled to end May 13, 2017). In making this recommendation, I find that there must be serious consequences for Persons's repeated failure to take the conditions of his TSR seriously. Persons has been given two opportunities to participate in substance abuse treatment instead of serving more time in prison. Instead, he has continued to use drugs and ditch drug testing and treatment while on supervision following previous revocations. This indicates a complete disregard for the conditions of his TSR and an unwillingness to comply.

I find that my recommended disposition will further the goals of deterrence and incapacitation, reflects the seriousness of Persons's conduct and provides just punishment for such conduct. I find that the recommendation as described above is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as

set forth in § 3553(a)(2) and will not result in any sentencing disparities.  *See* 18 U.S.C. § 3553(a).

### *III.    CONCLUSION*

Based on the foregoing, I RESPECTFULLY RECOMMEND that the Government's petition to revoke Persons's supervised release be **granted** and that Persons be sentenced to 12 months incarceration.  I further recommend that upon release, the terms of Persons's TSR be re-imposed for the remainder of his original TSR.[1]

Objections[2] must be filed **by January 29, 2014**.  Responses to objections must be filed **by February 12, 2014.**  However, I urge the parties to file any objections and responses as soon as possible to allow Judge O'Brien to issue a final ruling promptly.

**IT IS SO ORDERED.**

**DATED** this 15th day of January, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), I ordered that Persons be released after the January 14, 2014, revocation hearing, subject to the existing conditions of his TSR.  He will remain at liberty pending further order.

[2] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.  *See* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59.