# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**JASON WAYNE PERSONS,**

    Defendant.

No. 02-CR-4109-DEO

ORDER ON REPORT AND RECOMMENDATION

_____

Before the Court is s Report and Recommendation ("R&R") issued by Magistrate Judge Leonard T. Strand concerning the USA's Petition to Revoke Supervised Release (Docket No. 103). Docket No. 113. Following the hearing on January 14, 2014, Judge Strand issued a Report and Recommendation to which the Government filed an objection. Docket No. 114.

## I. FACTS

Magistrate Strand set out the relevant facts in this matter:

> On September 11, 2003, Persons was sentenced to 122 months imprisonment and an eight-year term of supervised release (TSR) based on his plea of guilty to conspiracy to manufacture and distribute five grams or more of actual methamphetamine after a prior drug offense. See Doc. No. 61. Persons commenced his eight-year term of supervised release on March 28, 2011. On September 23, 2011, probation filed a request for modification of conditions with

consent from Persons. Doc. No. 78. Persons had been arrested for driving while his license was suspended.

He notified his probation officer, pled guilty to the offense and agreed to complete ten hours of community service for the TSR violation. On December 14, 2011, probation filed another request for modification of conditions with consent from Persons. Doc. No. 79. Persons had been involved in a traffic accident and was charged with driving without a license and a citation for failure to yield. He had also not completed the ten hours of community service. Persons agreed to three consecutive weekends in a designated facility for these violations. Probation filed a third request for modification of conditions with consent from Persons on March 27, 2012. Doc. No. 80. Persons had been seen in a bar by a police officer and a recent urinalysis had tested positive for methamphetamine. Persons admitted to being in the bar but not to drinking alcohol. He also admitted to using methamphetamine for about four months. The frequency of his urinalysis was increased and Persons was referred to Jackson Recovery Center for a substance abuse evaluation. Probation also recommended his TSR be modified to include five consecutive weekends in jail. These changes were accepted by the court. Another request to modify conditions was filed on May 14, 2012. Doc. No. 81. Persons had tested positive for methamphetamine again and admitted he had used on April 20, 2012. His TSR was modified to include inpatient treatment followed by placement in a residential reentry center (RRC) for up to 180 days.

Persons successfully completed inpatient drug treatment, stayed at Dismas Charities for 115 days and obtained employment. However, it was not long before Persons began violating the conditions of his TSR again. In October and November 2012, Persons failed to show for a random urinalysis, denied drug use on two occasions(later admitting that the denials were false), tampered with a sweat patch, was observed to be intoxicated at a bar and had a positive sweat patch result for methamphetamine. Doc. No. 82. The Government's petition to revoke supervision was granted and Persons was ordered to six months incarceration followed by four years of supervised release. Doc. No. 90.

On September 13, 2013, the Government filed another petition to revoke supervision. This petition alleged violations of association with a felon without permission, use of methamphetamine (on two occasions), failure to participate in substance abuse treatment, failure to submit to drug testing (on three occasions), failure to maintain employment and failure to comply with remote alcohol testing. Doc. No. 93. A supplemental petition was filed containing additional violations of use of a controlled substance and failure to participate in substance abuse treatment. Doc. No. 97. The court granted the petition and Persons was ordered to be incarcerated for three months followed by inpatient substance abuse treatment and the remainder of the original term of supervised release (through May 13, 2017). Doc. No. 100.

The current petition includes one violation of failure to participate in substance

abuse treatment, a condition imposed as part of the previous revocation order. Doc. No. 103. Persons's supervised release commenced on December 20, 2013, and he began participating in inpatient substance abuse treatment at Synergy Center on December 23, 2013. On January 9, 2014, Hansen received a telephone call from staff at Synergy Center who told her Persons had walked away from the facility on the night of January 8, 2014. Persons had indicated to staff he did not feel like he needed to be there for treatment. During the hearing, he indicated he had also left treatment to spend time with his terminally ill father.

Docket No. 113, p. 1-3.

The Magistrate ultimately determined the Government proved Mr. Persons violated the terms of his supervised release and stated:

> I find by a preponderance of the evidence that Persons violated the terms and conditions of his supervised release based on his own admission....
>
> I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Persons's TSR be revoked and that Persons be sentenced to 12 months incarceration. I further recommend that upon release, Persons serve a term of TSR, under such conditions as Judge O'Brien deems appropriate, for the remainder of his now-existing TSR (which is scheduled to end May 13, 2017). In making this recommendation, I find that there must be serious consequences for Persons's repeated

4

> failure to take the conditions of his TSR seriously. Persons has been given two opportunities to participate in substance abuse treatment instead of serving more time in prison. Instead, he has continued to use drugs and ditch drug testing and treatment while on supervision following previous revocations. This indicates a complete disregard for the conditions of his TSR and an unwillingness to comply. I find that my recommended disposition will further the goals of deterrence and incapacitation, reflects the seriousness of Persons's conduct and provides just punishment for such conduct. I find that the recommendation as described above is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2) and will not result in any sentencing disparities. See 18 U.S.C. § 3553(a).

Docket No. 113, p. 4, 9-10.

## II. STANDARD

Pursuant to statue, in reviewing a Report and Recommendation:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

5

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

### III. ANALYSIS

The Government filed an Objection to the Magistrate's Report and Recommendation. Docket No. 114. In its Objection, the Government argues that:

> Findings of Fact should include that defendant, despite being provided the opportunity to do so, presented no record regarding the nature, diagnosis, and prognosis of his father's medical condition (alleged terminally ill) nor any record regarding any proposed timing/methodology of his desired visitation with his father. For all the reasons stated by the court on the record (January 14, 2014) and as documented in the Report and Recommendation defendant should be sentenced to (on

6

> revocation of his TSR) 24 months'
> imprisonment.

Docket No. 114, p. 1.

Mr. Persons responds that:

> The government has filed an objection in
> which it asserts that the findings of fact
> in the report and recommendation should
> indicate that the defendant did not provide
> any record regarding the nature, diagnosis,
> or prognosis of his father's medical
> condition. The defendant does not dispute
> that he did not provide any such record.
> However, the defendant's father's medical
> condition was not an issue at the hearing
> nor was it considered by the magistrate as
> a factor which he used to fashion the
> defendant's sentence. Rather, the
> determinative issue at the revocation
> hearing was whether or not the defendant
> left substance abuse treatment without
> first receiving permission from his
> supervising officer. The defendant
> admitted that he left treatment and he
> admitted that he did not have permission to
> do so. There is no basis for the
> government to object to the revocation
> sentence recommended by the magistrate
> based solely upon whether the defendant
> presented evidence as to his father's
> medical condition.

Docket No. 115, p. 1-2.

The Court has considered the Magistrate's Report and Recommendation and agrees that Mr. Persons violated the terms of his supervised release as stated by the Magistrate. Having

so found, 18 U.S.C. § 3583(e) requires the Court consider certain specified factors set forth in 18 U.S.C. § 3553(a) to determine whether Mr. Persons' term of supervised release should be terminated, extended, modified, or revoked. Magistrate Strand considered those factors, and, as stated above, found that Mr. Persons' TSR should be revoked for 12 months. In its Objection, the Government argues that the Magistrate should have noted a lack of evidence presented by Mr. Persons regarding his father's health. The Government also asks that the Court overrule the Magistrate, and revoke Mr. Persons' TSR for 24 months. However, the Court is persuaded that Mr. Persons is correct in his assertion that his father's health was not a material fact and Mr. Persons should not receive an additional penalty because he did not present evidence about it.

Accordingly, after considering all the statutory factors, the Court is persuaded that the Magistrate's conclusions are appropriate and hereby adopts the Magistrate's Recommendations.

**IV. CONCLUSION**

The Magistrate's Report and Recommendation is accepted as set out above. Mr. Persons is sentenced to 12 months incarceration. Upon his release, his term of TSR will be reimposed for the remainder of the original period. Finally, for the reasons set out above, the Government's objection to the Magistrate's Report and Recommendation is denied.

**Defendant Persons shall self surrender to the United Stats Marshal's Office, U.S. Courthouse & Federal Building, 320 Sixth Street, Sioux City, Iowa, on Thursday, February 13, 2014, at 1:30 p.m.**

**IT IS SO ORDERED** this 12th day of February, 2014.

*[signature: Donald E. O'Brien]*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa